NO. 07-05-0466-CR



IN THE COURT OF APPEALS


 

FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 17, 2006


 ______________________________



KENNETH M. ROMERO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;



NO. 2005-494062; HONORABLE DRUE FARMER, JUDGE


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ORDER


 Appellant Kenneth M. Romero timely gave notice of appeal from his conviction and 
sentence for driving while intoxicated, 2nd offense. The clerk's and reporter's records were
filed in March 2006 and May 2006, respectively. 

 When appellant's counsel did not respond to this court's June 27 letter notifying
counsel that appellant's brief had not been filed by its due date of June 19, and advising
him that the appeal would be abated if no response was received by July 7, we abated the
appeal and remanded the cause to the trial court for a hearing in accordance with Rule of
Appellate Procedure 38.8(b)(2).

 Pursuant to our direction, on August 10, 2006, the trial court held a hearing at which
appellant's retained counsel appeared. The reporter's record of the hearing reflects that
counsel represented to the trial court that his failure to file the brief by its due date was
inadvertent, and was caused by a calendaring mistake made by his office staff. In
response to the trial court's questions, counsel affirmed that his client desired to prosecute
the appeal, and affirmed that he was retained to represent his client on appeal and had
been paid. Counsel further assured the trial court that he had read the appellate record
and begun preparation of a brief, and could complete the brief in fewer than thirty days. 
The court inquired of counsel, "So you are telling us that if you are given 30 days you can
get that finished?" Counsel replied, "Oh, absolutely, Judge."

 The trial court subsequently filed findings of fact consistent with counsel's
representations, and requested that this court allow counsel thirty days from the date of the
hearing to submit the brief.

 In accordance with the trial court's findings and recommendation, we reinstated the
appeal and, after the supplemental reporter's and clerk's records were filed, notified
counsel that appellant's brief was due Friday, September 15, 2006. No brief was received. 
We notified counsel by letter dated September 26 of that fact, and advised him that further
action would be taken unless the brief or other response to our letter was received by
October 6, 2006. (1) No response has been received. 

 Rule of Appellate Procedure 38.8(b)(4) provides that, based on the trial court's
record of a hearing concerning the failure of an appellant to file a brief in a criminal case,
the appellate court may act appropriately to ensure that the appellant's rights are protected,
including initiating contempt proceedings against appellant's counsel. Accordingly,
appellant's counsel, Russell I. Gunter II, is directed to file a brief for appellant, prepared in
accordance with the Texas Rules of Appellate Procedure, and submitted so as to be
received by the clerk of this court no later than 5:00 p.m. local time on October 24, 2006. 
Attorney Gunter's failure to comply with this order will result in the initiation of contempt
proceedings or other appropriate sanctions. 

 It is so ordered.


 Per Curiam


Do not publish.
1. Our letter mistakenly advised counsel that the further action would consist of
abatement of the cause to the trial court pursuant to Rule of Appellate Procedure 38.8. 
That action already having been taken, however, a second abatement would serve no
purpose at this time.